UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Strike 3 Holdings, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>John Doe,<br><br>                              Defendant. | Case No.:  18-cv-00227-MMA-JLB<br><br>**ORDER GRANTING EX-PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br>**[ECF No. 4]** |

Presently before the Court is Plaintiff's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference.  (ECF No. 4.)  As no defendant has been named or served in this case, there is no opposition to the Application.  For the reasons set forth below, Plaintiff's Application is **GRANTED**.

## I. BACKGROUND

This is one of twenty-eight cases filed in this district court on behalf of Plaintiff by attorney Lincoln Dee Bandlow alleging copyright infringement by a John Doe defendant through the use of the BitTorrent file-sharing system.[1]  Plaintiff alleges that it is the copyright owner of motion pictures distributed through adult content websites, including *Blacked*, *Blacked Raw, Tushy*, and *Vixen*.  (ECF No. 4-2 at ¶3.)  Plaintiff alleges that between May 16, 2017 and December 10, 2017, the person or entity assigned Internet

---

[1] *See, e.g.*, 17-cv-2302-MMA-JLB; 17-cv-2312-MMA-NLS; 17-cv-2313-AJB-JMA; 17-cv-2315-MMA-AGS; 17-cv-2316-GPC-KSC; 17-cv-2317-JAH-BLM; 17-cv-2318-DMS-BLM; 17-cv-2319-JAH-BGS; 18-cv-31-LAB-KSC; 18-cv-32-JLS-WVG; 18-cv-36-BAS-WVG; 18-cv-37-MMA-NLS; 18-cv-38-AJB-BGS.

Protocol ("IP") address 172.4.36.179 illegally downloaded, copied, and/or distributed thirty-three of Plaintiff's motion pictures through his, her, or its use of the online BitTorrent file distribution network. (ECF No. 1 at ¶¶5, 12, 23–30; ECF No. 1-2 at 1–2; *see also* ECF No. 4-3 at ¶¶7–10.) On January 31, 2018, Plaintiff commenced the instant action by filing a Complaint against Defendant "JOHN DOE, subscriber assigned IP address 172.4.36.179." (ECF No. 1.) The Complaint alleges a single claim of copyright infringement. (*Id.* at ¶¶34–39.)

Because Defendant used the Internet to commit the alleged infringement, Plaintiff knows Defendant only by his, her, or its IP address, which Plaintiff believes was assigned to Defendant by the Internet Service Provider ("ISP") AT&T Inc. (AT&T U-verse). (*Id.* at ¶5; ECF No. 1-2 at 1–2; ECF No. 4-1 at 6, 16.) In the present Application, Plaintiff asserts that AT&T Inc. (AT&T U-verse) "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." (ECF No. 4-1 at 6.) Accordingly, Plaintiff seeks leave to serve a Rule 45 subpoena on Defendant's ISP, AT&T Inc. (AT&T U-verse), to obtain the name and address associated with IP address 172.4.36.179. (*Id.* at 7)

## II. LEGAL STANDARDS

Discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order. Fed R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*,

18-cv-00227-MMA-JLB

185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See Columbia Ins. Co.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

## III. DISCUSSION

Plaintiff seeks an order allowing it to serve a Rule 45 subpoena on AT&T Inc. (AT&T U-verse) before the parties have conducted a Rule 26(f) Conference so that Plaintiff may obtain the true name and address of Defendant. (ECF No. 4-1 at 7.) For the reasons set forth below, Plaintiff's Application is **GRANTED**.

### A. Identification of Missing Party with Sufficient Specificity

For the Court to grant Plaintiff's Application, Plaintiff must first identify Defendant with enough specificity to enable the Court to determine Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *See Columbia Ins. Co.*, 185 F.R.D. at 578. This Court has previously determined that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual

defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *Openmind Solutions, Inc. v. Does 1–39*, No. 11-cv-3311, 2011 WL 4715200, at *5–6 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1–46*, No. 11-cv-02263, 2011 WL 2470986, at *6–7 (N.D. Cal. June 21, 2011)).

In cases where it is unclear whether the subject IP address is "dynamic" or "static," such as here, it matters when Plaintiff's geolocation efforts were performed.[2] In the context of dynamic IP addresses, "a person using [a particular IP] address one month may not have been the same person using it the next." *State v. Shields*, No. CR06352303, 2007 WL 1828875, at *6 (Conn. Sup. Ct. June 7, 2007). It is likely that the user of IP address 172.4.36.179 is a residential user and that the IP address assigned by AT&T Inc. (AT&T U-verse) is dynamic.[3] Thus, if Plaintiff's geolocation efforts were performed close in time to the offending downloads, they may be probative of the physical location of the subject IP subscriber. If not, the geolocation of the subject IP address may be irrelevant.

Here, the Court concludes that the instant Application sufficiently demonstrates that Defendant is likely subject to the Court's jurisdiction. Plaintiff attaches to its Complaint a table reflecting that the user of IP address 172.4.36.179 engaged in allegedly infringing activity between May 16, 2017 and December 10, 2017. (ECF No. 1-2 at 1–2.) In addition, Plaintiff attaches to its Application the declaration of Tobias Fieser, an employee of IPP International UG (IPP), a forensic investigation services company. (ECF No. 4-3.) Fieser

---

[2] "Static IP addresses are addresses which remain set for a specific user. Dynamic IP addresses are randomly assigned to internet users and change frequently. Consequently, for dynamic IP addresses, a single IP address may be re-assigned to many different computers in a short period of time." *Call of the Wild Movie, LLC v. Does*, 770 F. Supp. 2d 332, 356 (D.D.C. 2011) (citing *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 160 (D. Mass. 2008)).

[3] "Most consumer IP addresses are 'dynamic' as opposed to 'static.'" *Call of the Wild Movie*, 770 F. Supp. 2d at 356.

declares that IPP connected to an electronic device using IP address 172.4.36.179, which was observed distributing multiple pieces of Strike 3 Holding's motion pictures. (*Id.* at ¶7.) Fieser also declares that, according to IPP's ancillary surveillance program, IP address 172.4.36.179 is associated with significant and long-term BitTorrent use. (*Id.* at ¶12.)

Plaintiff's Application asserts that the IP address 172.4.36.179 belongs to AT&T Inc. (AT&T U-verse) and that Plaintiff employed Maxmind's geolocation technology to locate that IP address within the Southern District of California. (ECF No. 4-1 at 12, 16; ECF No. 4-4.) Plaintiff's Application argues that this Court has accepted Maxmind's geolocation findings for the purpose of allowing expedited discovery and that federal law enforcement relies on Maxmind for its cyber investigations. (ECF No. 4-1 at 12 (citing case law).) Plaintiff also filed a Declaration of Emilie Kennedy, an employee of Plaintiff, addressing when the device associated with IP address 172.4.36.179 was tracked to this district. (ECF No. 4-5 at ¶¶4–5.) Kennedy declares that IP address 172.4.36.179 was automatically inserted into Maxmind's Geolocation Database on January 1, 2018, after Plaintiff received infringement data from IPP, and Maxmind traced the IP address location to a location in San Diego, California. (*Id.* at ¶4.) Kennedy also declares that as of March 22, 2018, Maxmind's Geolocation Database traced IP address 172.4.36.179 to a location in this district and showed "Defendant's IP Address infringed Plaintiff's works as recently as January 25, 2018 and infringed other adult content, software, books, television shows, and movies as recently as today, March 22, 2018." (*Id.* at ¶¶5–6.)

The Court concludes that based on the timing of the IP address tracing efforts employed by Plaintiff, the documented success of the Maxmind geolocation service, and the continued tracing of the IP address to this district, Plaintiff has met its evidentiary burden of showing that IP address 172.4.36.179 likely relates to a physical address located in this district.

## B. Previous Attempts to Locate Defendant

For the Court to grant Plaintiff's Application, Plaintiff must next identify all of the steps it took to locate Defendant to ensure the Court it made a good faith effort to identify

and serve process on Defendant. *See Columbia Ins. Co.*, 185 F.R.D. at 579. The Court concludes that Plaintiff has met this burden. Plaintiff retained a forensic investigation services company, IPP, to monitor the BitTorrent file distribution network for the presence of Plaintiff's copyrighted works and to identify the IP addresses of devices that are found distributing Plaintiff's copyrighted works. (ECF No. 4-3 at ¶¶ 4–5.) Through IPP, Plaintiff has been able to identify much about the subscriber of IP address 172.4.36.179, such as his, her, or its ISP and the software used to commit the allegedly infringing acts. (*Id.* at ¶¶7–10.) Plaintiff asserts that Defendant's ISP is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 172.4.36.179 during the time of the alleged infringement. (ECF No. 4-1 at 6, 13, 16.) Based on the above, the Court is satisfied that Plaintiff has made a good faith effort to locate Defendant and that Plaintiff cannot, on its own, locate Defendant with any greater specificity than it already has. Accordingly, the Court finds Plaintiff has sufficiently satisfied the second prong of the "good cause" test.

### C. Whether Plaintiff's Suit Can Withstand a Motion to Dismiss

For the Court to grant Plaintiff's Application, Plaintiff must next show that its suit against Defendant could withstand a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642). The Court finds Plaintiff has met this burden.

Plaintiff's Complaint alleges a single cause of action against Defendant: copyright infringement. (ECF No. 1.) To prove a claim of direct copyright infringement, a plaintiff "must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a) (2003)). Here, Plaintiff purports to be the owner of the thirty-three copyrighted works at issue, and asserts that every work has been registered with the United States Copyright Office or has a pending copyright registration application. (ECF No. 1 at ¶¶2, 31, 32; ECF No. 4-1 at 15 (citing *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612 (9th Cir. 2010).) Plaintiff alleges that "Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's

18-cv-00227-MMA-JLB

copyrighted motion pictures." (ECF No. 1 at ¶23.) IPP declares that it observed the device using IP address 172.4.36.179 distributing multiple pieces of Strike 3 Holding's motion pictures, and when assembled, the distributed pieces constitute a fully playable digital movie. (ECF No. 4-3 at ¶¶ 7–10.) Plaintiff has verified that each digital file is a copy of Strike 3's motion pictures. (ECF No. 4-1 at 15; ECF No. 4-4.) IPP also declares that this IP address is associated with significant and long-term BitTorrent use. (ECF No. 4-3 at ¶12.) Accordingly, the Court finds Plaintiff has alleged the *prima facie* elements of direct copyright infringement and its suit against Defendant would likely withstand a motion to dismiss.

### D.    Specific Discovery Request

Finally, for the Court to grant Plaintiff's Application, Plaintiff "should file a request for discovery with the Court." *Columbia Ins. Co.*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at 642). Although Plaintiff did not provide the Court with a proposed subpoena, Plaintiff has provided the Court with sufficient information regarding its requested discovery by stating in its Application that it will seek from AT&T Inc. (AT&T U-verse) only the name and address of the subscriber of IP address 172.4.36.179. (ECF No. 4-1 at 7, 17.)

### E.    Additional Considerations

This Court shares the concern noted by other courts in this district of "'unscrupulous tactics [being] used by certain plaintiffs, especially in the adult film industry, to shake down the owners of IP addresses' to exact quick and quiet settlements from possibly innocent defendants who pay out only to avoid potential embarrassment." *Strike 3 Holdings, LLC v. John Doe*, No. 17-cv-2312-MMA-NLS (S.D. Cal. Dec. 7, 2017) (citing *Malibu Media, LLC v. Does 1-5*, 2012 U.S. Dist. LEXIS 77469, *1 (S.D.N.Y. June 1, 2012)). Accordingly, the Court issues an order establishing procedural safeguards to protect the privacy of Defendant. *See e.g., Malibu Media v. Doe,* 2014 U.S. Dist. Lexis 79595, *5 (M.D. Fla. Apr. 10, 2014) (imposing conditions and citing cases that do the same); *see also Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 35534, *17 (E.D. Cal. Mar. 18, 2016).

# IV. CONCLUSION

For the reasons set forth above, the Court finds good cause to allow Plaintiff to serve a Rule 45 subpoena upon AT&T Inc. (AT&T U-verse) at this time. Accordingly, Plaintiff's Application is **GRANTED** as follows:

1. Plaintiff may serve on AT&T Inc. (AT&T U-verse) a subpoena, pursuant to and compliant with the procedures of Federal Rule of Civil Procedure 45, seeking only the **name and address** of the subscriber assigned IP address 172.4.36.179 for the relevant time period of the alleged infringement. Plaintiff shall not seek from AT&T Inc. (AT&T U-verse) any other personally identifiable information about the subscriber;

2. Plaintiff's subpoena to AT&T Inc. (AT&T U-verse) must provide a minimum of forty-five (45) calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff;

3. At the time Plaintiff serves its subpoena on AT&T Inc. (AT&T U-verse), Plaintiff shall also serve on AT&T Inc. (AT&T U-verse) a copy of this Order;

4. Within fourteen (14) calendar days after service of the subpoena, AT&T Inc. (AT&T U-verse) shall notify the subscriber assigned IP address 172.4.36.179 that his, her, or its identity has been subpoenaed by Plaintiff **and** shall provide the subscriber a copy of this Order with the required notice;

5. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of such notice to challenge AT&T Inc.'s (AT&T U-verse's) disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

6. If AT&T Inc. (AT&T U-verse) seeks to modify or quash the subpoena, it shall do so as provided by Federal Rule of Civil Procedure 45(d)(3);

7. In the event a motion to quash, modify, or otherwise challenge the subpoena is brought properly before the Court, AT&T Inc. (AT&T U-verse) shall preserve

the information sought by the subpoena pending the resolution of any such motion; and

8. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on AT&T Inc. (AT&T U-verse) for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint. If the Defendant wishes to proceed anonymously, Plaintiff may not release any identifying information without a court order allowing the release of the information.

**IT IS SO ORDERED.**

Dated: March 27, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

18-cv-00227-MMA-JLB